## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LONNIE COSTELLO**<br>**VERSUS**<br>**GISCLAIR TOWING COMPANY, INC.** | **CIVIL ACTION NUMBER:**<br>**SECTION:** |

### SEAMAN'S COMPLAINT

Plaintiff, Lonnie Costello, an individual of the full age of majority and domiciled in  Lafourche, Louisiana, respectfully represents that:

### I.

Made Defendant is Gisclair Towing Company, Inc., is a business corporation authorized  to and doing business in the State of Louisiana, and the Eastern District of Louisiana. Defendant, Gisclair Towing Company, Inc.. has appointed Jerome Shields, 232 Valerie Street, Lockport, Louisiana as its registered agent for service.

### II.

Jurisdiction of this matter is conferred by 28 U.S.C. 1333 (1) and 46 U.S.C. 688; venue of this action is pursuant to 28 U.S.C. 1391 (b) and (c).  This action is filed without the prepayment of costs pursuant to 28 U.S.C. 1916.

### III.

On  and  prior  to  June  21,  2010,  Defendant,  Gisclair  Towing  Company,  Inc., owned and operated a vessel known as M/V NANCY GISCLAIR.

IV.

On or about June 21, 2010, Defendant, Gisclair Towing Company, Inc., employed Petitioner, Lonnie Costello, as a Jones Act seaman assigned to the aforesaid vessel in the capacity of Captain.

V.

On or about June 21, 2010, Plaintiff was working aboard the M/V NANCY GISCLAIR owned by Defendant, Gisclair Towing Company, Inc. when he was caused to be infected with a skin disorder and infection due to the negligence of Defendant, Gisclair Towing Company, Inc.

VI.

The above-described accident was caused by the negligence of Defendant, Gisclair Towing Company, Inc., its agents, servants, employees or others for whom it is legally responsible in the following, though not exclusive, respects:

A.      In failing to provide Plaintiff a safe place to work free from hazards aboard the M/V NANCY GISCLAIR;

B.      Providing an unseaworthy vessel which was not properly equipped with the appropriate gear and appurtenances; more specifically, in failing to provide a water filtration system on board to promote proper hygiene;

C.      Allowing and promoting dangerous practices to occur upon the M/V NANCY GISCLAIR and accompanying vessels;

D.      Failing to provide a safe place to work; and

E.      Other acts of negligence to be shown after proper discovery.

2

VII.

The above-described incident was caused by the negligence of Defendant, Gisclair Towing Company, Inc., its agents, servants, employees or others for whom it is legally responsible in the following, though not exclusive, respects:

A.    Negligently allowing a dangerous condition to exist on the vessel, the M/V NANCY GISCLAIR;

B.    Allowing and promoting dangerous and unsanitary practices to occur upon the M/V NANCY GISCLAIR;

C.    Allowing a deteriorating and unsanitary dangerous condition to exist on the M/V NANCY GISCLAIR; and

D.    Other acts of negligence to be shown after proper discovery.

VIII.

Because of the injuries sustained by Plaintiff, Lonnie Costello, he is afflicted with a reoccurring skin disorder and/or disease.  He has suffered grievous physical and mental pain and anguish, loss of bodily function, scarring of his body, and embarrassment, and is entitled to recover from the Defendant, Gisclair Towing Company, Inc., the sum of FIVE HUNDRED THOUSAND AND NO/100 ($500,000.00) DOLLARS.

## SECOND CAUSE OF ACTION

And now, Plaintiff, Lonnie Costello, alleges a second cause of action based on the general maritime law and reiterates all of the allegations contained in the foregoing paragraphs.

3

IX.

Under the general maritime law, it was the duty of Defendant, Gisclair Towing Company, Inc., to furnish its employees with a safe place to work, with safe gear and appurtenances, equipment, and with an adequate crew and a seaworthy vessel.

X.

Plaintiff shows that at the time and place of the occurrence of the accident on or about June 21, 2010, Plaintiff was working aboard a vessel as a captain and performing the type of work traditionally performed by seamen and therefore was owed the warranty of seaworthiness by Defendant, Gisclair Towing Company, Inc.

XI.

Plaintiff avers that the failure of Gisclair Towing Company, Inc., to provide Plaintiff with a safe place to work, with reasonable working conditions, and with sanitary conditions and safe potable water, renders the  M/V NANCY GISCLAIR unseaworthy and that the unseaworthiness was a proximate cause of Plaintiff's accident and the injuries and the resulting illness and disability.

XII.

Under the general maritime law, Defendant, Gisclair Towing Company, Inc., was negligent in allowing a dangerous deteriorating condition to exist aboard the vessel, M/V NANCY GISCLAIR.

## THIRD CAUSE OF ACTION

Now, Plaintiff, Lonnie Costello, alleges a third cause of action under the Federal Rules of Civil Procedure for wages, maintenance and cure, past and future, and reiterates all of the allegations contained in the first two causes of action.

### XIII.

Plaintiff avers that he is entitled additionally to wages, maintenance and cure for those periods from approximately June 21, 2010 at the rate of TWENTY-FIVE AND NO/100 ($25.00) DOLLARS per day, for the period which he was inable to work due to his skin infection.  Also, for the time he will not be able to work in the future, which Plaintiff estimates to be in the sum of TWENTY THOUSAND AND NO/100 ($20,000.00) DOLLARS, and for compensatory damages and attorney's fees in the event he is required to pursue by proper procedure the recovery of said maintenance and cure.

## JURY DEMAND

That pursuant to the provisions of the aforesaid 46 U.S.C. 688 et seq, more commonly known as the Jones Act, Plaintiff is entitled to and demands a trial by jury on all issues related herein.

**WHEREFORE,** Plaintiff, Lonnie Costello, demands a judgment against Defendant, Gisclair Towing Company, Inc., in the sum of FIVE HUNDRED THOUSAND AND NO/100 ($500,000.00) DOLLARS, together with legal interest from date of injury, together with all costs and disbursements of this action and for all appropriate and general relief and for a trial by jury.

5

Plaintiff further demands against Defendant, Gisclair Towing Company, Inc. for wages, maintenance and cure in the sum of TWENTY THOUSAND AND NO/100 ($20,000.00) DOLLARS; and in the event it becomes necessary to pursue collection of maintenance and cure, Plaintiff demands compensatory damages and attorney's fees.

Plaintiff further prays for all general, legal, equitable, and maritime relief available to him under the laws of the United States, and for a civil trial by jury.

Respectfully submitted,

C. ARLEN BRAUD, II, #20719, T.A.
MICHELLE O. GALLAGHER, #23886
Braud & Gallagher, L.L.C.
111 N. Causeway Blvd., Ste. 201
Mandeville, LA 70448
Telephone:  (985) 778-0771
Facsimile:   (985) 778-0781
Email:  arlenb@braudandgallagher.com

**INFORMATION FOR SERVICE:**
**BY WAIVER OF SERVICE IN ACCORDANCE WITH FRCP RULE 4(d)**

Gisclair Towing Company, Inc.
through its registered agent,
Jerome Shields
232 Valerie Street
Lockport, Louisiana